PER CURIAM.
Petitioners, feeling aggrieved by final agency action, filed this Petition for Review, claiming that respondent’s order was not supported by competent, substantial evidence and that respondent, in promulgating the challenged order, relied upon an *721 invalid rule. The subject matter of the dispute is an outdoor sign which respondent has found is within 660 feet of the nearest edge of the right-of-way of Interstate 10, in violation of Section 479.11, Florida Statutes (1975).
Petitioner relies upon Section 479.16(1), Florida Statutes (1975) which excepts those signs from the above-noted provision of Section 479.11 which were “constructed by the owner or lessee of a place of business or residence on land belonging to said owner or lessee and not more than one hundred feet from such place of business or residence . . . ” The central question raised by the petition for review is whether petitioners’ sign is located on his “place of business”, a term not defined by either statute or agency rule.
Petitioners are partners in certain business operations under the auspices of a franchise agreement with Mid-Continent, Inc. Part of the project, a truck stop known as Big Bend Truck Plaza, is completed and open for business, while other parts of the business venture, including a motel and camp site, are in various stages of development. All of the improvements are taking place on one contiguous piece of property located in the vicinity of Lloyd, Florida. The sign in question, 12 feet in height, merely reads “Mid-Continent” and is located at the top of a 70 foot metal pole. The sign is not within 100 feet of any part of the completed truck stop, but is within 100 feet of certain of the land which has been cleared for other parts of the total project. Petitioners showed at the hearing that a contract had been signed for the installation of a sewage treatment plant at the site, and that land had been partially cleared for construction of camp sites and a motel. The sign in question was constructed without a permit, but respondent indicated upon consideration of petitioners’ application that no such permit would be forthcoming.
The central thrust of petitioners’ argument is that both respondent and the hearing officer misconstrued the term “place of business” as it is used in Section 479.16(1). One of respondent’s officials, in referring to what he euphemistically described as an “on-premises sign”, stated that generally speaking, such a sign had to be located some 100 feet from a structure wherein the applicant’s cash register could be found. The hearing officer appeared to agree with respondent’s position, remarking at several points during the hearing that the present structure (i. e. the truck stop) was the place of business and that plans for future construction were not germane to the issue of what constituted a place of business. Finally, a memorandum prepared by respondent’s general counsel was introduced into evidence at the hearing and indicated that “place of business” would mean the building where the principal activity of the business is demonstratively carried on.
It is our function to determine which of the competing definitions of the term “place of business” is proper, the respondent having failed to define the term either in its final order or by agency rule. We conclude that respondent’s definition is, under the facts of this case, unduly restrictive.
The evidence is clear that petitioners are developing their land to include a multi-fac-eted enterprise. Although respondent implied that various parts of the project existed only in the imagination of petitioners, the uncontroverted testimony presented at the hearing demonstrated that the truck stop was in operation, a contract for the construction of a sewage treatment center had been signed, petitioners had signed a franchise agreement with Mid-Continent, Inc. for the building of a motel, and the clearing of land had commenced with a view toward the completion of a campground area. In short, respondent’s conclusion that petitioners’ sign was not located within 100 feet of their place of business is not supported by competent substantial evidence. There is no provision in the statute nor elsewhere that the location of the cash register or telephone be construed as the exclusive place of business.
Because of our resolution of the ease as above recited, we find it unnecessary to consider the other points raised by petitioners.
*722 Accordingly, the Petition for Review is granted, the final order of respondent is quashed and respondent is directed to issue the permit requested by petitioners.
IT IS SO ORDERED.
RAWLS and BOYER, JJ., concur.
McCORD, C. J., dissents.