COWART, Judge.
Near the intersection of Interstate 4 and State Road 46 near Sanford, in Seminole County, Florida, McDonald’s Corporation owns, and The Eddy Corporation leases, a parcel of land roughly shaped like the upper body of a human with one arm raised with the elbow bent. A McDonald’s restaurant is located on the body part with an outdoor sign advertising the restaurant located at where would be the hand of the upraised arm.
The Florida Department of Transportation (DOT) took the position that the sign violated chapter 479, Florida Statutes, in that it was an “off-premises” sign and was erected without DOT approval. The evidence presented to the hearing officer consisted of little more than some photographs and testimony about the location of trees, shrubs, a drainage ditch, a power line right of way, the restaurant building, and future plans for more intensive use of the “arm” portion of the property. The hearing officer concluded that the sign was “off-premises” and the landowner and lessee appeal. The facts are not in dispute. We find the hearing officer’s interpretation of the statutes and his application of the laws to the undisputed facts to be clearly erroneous and reverse.
Both the restaurant and the sign in question are located on a single contiguous parcel of land consisting of but one business premises[1] upon which is located but one establishment, being the restaurant, and the sign in question which advertises that restaurant. The sign is an appurtenance to, and an integral part of, the restaurant establishment which is the only activity conducted upon this parcel of land. The sign, the restaurant building, and the “open space” around and between them are arranged and designed to be, and are, used in conjunction with the one restaurant. Neither the sign nor the land upon which it is located is used for any activity other than the restaurant use.[2] However oddly shaped the premises is, and however distant [3] the sign is from the restaurant building, the sign is on one and the same premises or area of land occupied by the restaurant building and business it advertises, is an “on-premises” sign within the meaning of sections 479.01(13) and 479.16(1), Florida Statutes, and is exempt from the permit *423 ting provisions of chapter 479, Florida Statutes.
The order of the hearing officer is REVERSED.
ORFINGER and COBB, JJ., concur.

. Under section 479.01(13), Florida Statutes, “ ’premises’ means an area of land occupied by the buildings or other physical uses which are an integral part of the activity conducted upon the land and such open spaces as are arranged and designed to be used in conjunction with that activity.” [emphasis supplied]

. See, e.g., Hausman v. First Baptist Church, 513 So.2d 767 (Fla. 5th DCA 1987).

.See Harrison v. State, Department of Transportation, 349 So.2d 720 (Fla. 1st DCA 1977). Since Harrison, section 479.16(1), Florida Statutes, was amended to eliminate the requirement that, to be exempt, an "on-premises” sign could not be more than 100 feet from the place of business.