301 So.2d 774 (1974)
STATE of Florida, Appellant,
v.
Stephen David McCALL, Appellee.
No. 44863.
Supreme Court of Florida.
October 9, 1974.
*775 Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for appellant.
Robert E. Pyle, and Jack T. Edmund, Lake Alfred, for appellee.
BOYD, Justice.
This cause is before us on appeal from the County Court of Polk County, Florida. We have jurisdiction[1] because in its amended order of dismissal, the trial court declared that Rule 3.010, Florida Rules of Criminal Procedure, is unconstitutional insofar as it seeks to exclude vehicular and pedestrian traffic and that Florida Rules of Practice and Procedure for Traffic Courts is unconstitutional with regard to that portion which seeks to exclude the full application of the Florida Rules of Criminal Procedure from vehicular and pedestrian traffic offenses.
The facts of this case are as follows: On July 17, 1973, appellee-defendant was arrested, jailed, and had a first appearance hearing. On September 14, 1973, appellee was charged in a single information with the following four offenses, each denominated a misdemeanor: (1) driving while under the influence of alcoholic beverages, etc. (violating Section 316.028, Florida Statutes); (2) careless driving (violating Section 316.030, Florida Statutes); (3) possession of marijuana (violating Section 893.13(1)(f), Florida Statutes); and (4) possession of paraphernalia (violating Section 893.13(3)(a)(4), Florida Statutes). On November 7, 1973, a motion to dismiss all counts was filed under the speedy trial rule, alleging the date of the arrest, that the offenses charged were misdemeanors, and more than ninety (90) days had elapsed since defendant was taken into custody. As to Counts 3 and 4, appellant-state offered no argument to dismissal; however, appellant argued that the speedy trial rule did not apply to Counts 1 and 2. Subsequently, the trial court entered its amended order to dismiss, which is the order presently appealed.
It is appellant's position that, since appellee was taken into custody prior to February 15, 1974, the State had until May 15, 1974, in which to begin his trial, there being no demand for a speedy trial in the record.[2] Further, Appellant asserts that the trial court had no authority to construe the constitutional provisions so as to invalidate the various rules.[3] On the other hand, Appellee, admitting that a trial court cannot alter the general constitutional effect of an existing rule of this Court, submits that the trial court did not attempt to "make" a rule but merely attempted to select from conflicting rules one which would achieve a constitutional result.
It is our view that, based on Ser-Nestler, supra,[4] that portion of the lower court order dealing with the unconstitutionality of the rule was improperly entered, and it is therefore the ruling of this Court that that portion be quashed. However, our review of the record convinces us that the resulting dismissal was the proper decision, and, accordingly, that portion of the order dismissing the criminal charges against Appellant is affirmed.
Therefore, the order of the County Court of Polk County is quashed in part and affirmed in part.
It is so ordered.
McCAIN, DEKLE and OVERTON, JJ., concur.
ERVIN, J., concurs to conclusion only of order dismissing the criminal charges against Appellee.
ADKINS, C.J., and ROBERTS, J., dissent.
NOTES
[1] Article V, Section 3(b) (3), Florida Constitution.
[2] In re: Rules 6.13, Florida Traffic Court Rules, 287 So.2d 677 (Fla. 1974).
[3] Ser-Nestler, Inc. v. General Finance Loan Co., 167 So.2d 230 (Fla.App. 1964), appeal dismissed 174 So.2d 35 (Fla. 1965).
[4] Id.