535 So.2d 323 (1988)
McDONALD'S CORPORATION, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, STATE OF FLORIDA, Appellee.
No. 87-3312.
District Court of Appeal of Florida, Second District.
December 9, 1988.
Jerry B. Smith, Coral Springs, for appellant.
Maxine F. Ferguson and Thomas H. Bateman, III, Tallahassee, for appellee.
RYDER, Judge.
This is an appeal from a final order of the Department of Transportation (DOT) holding that appellant's business establishment sign was erected in violation of section 479.105 and section 479.02(1), Florida Statutes (1987), and ordering the sign's removal. Appellant contends that the DOT's order is a departure from the essential requirements of the law. We disagree and affirm the DOT's order.
The sign is located upon a strip of property approximately seventy-seven feet by *324 fifty-two feet with the southeast corner cut off. The property on which the sign is located is connected to appellant's restaurant site by a fifteen-foot strip of land which intersects a proposed road 275 feet north of the restaurant. The sign is 1,122 feet from the restaurant as measured along the paved surface between the sign and the restaurant. The walking distance from the restaurant to the sign is in excess of 1,700 feet. Along County Road 54, and located between the sign and appellant's restaurant site are a Chevron gasoline station, an Amoco gasoline station, a Circle K convenience shop and a Days Inn motel. The Chevron station and the Days Inn are the two businesses located closest to the sign.
On March 19, 1987, the DOT notified appellant that its sign which was located within 500 feet of a restricted interchange and which was erected without a permit was in violation of chapter 479, Florida Statutes. A hearing was held. Appellant presented proposed plans evidencing an intent to construct a playground on the sign property. Appellant had not, however, begun construction of the playground. After reviewing the case, the hearing officer held:
Section 479.07, Florida Statutes, prohibits the erection of signs on the interstate highway system without a permit; Section 479.105 provides for the removal of signs which require permits and do not have same; and Section 479.02 authorizes the Department of Transportation to regulate the spacing of signs on the interstate system. Pursuant to this latter authority Rule 14-10.06(b)2b, Florida Administrative Code, provides that outside incorporated towns and cities, no structures may be located within 500 feet of an interchange to be measured from the beginning or ending from the pavement widening. The sign here under consideration is clearly in violation of these provisions.
Section 479.16 exempts from the requirement that a permit be issued for signs erected on the premises of an establishment which signs consist primarily of the name of the establishment.
It is clear that the sign at issue here is not on the premises of the restaurant nor on any activity or property directly related to the restaurant. Whether this would be so if the proposed children's playground was in operation is not before me and is not decided. However, it appears doubtful that a children's playground more than 1,000 feet from the restaurant with intervening business in between the sign and the restaurant would be found to be an "on-premise" sign.
* * * * * *
From the foregoing it is concluded that the sign owned by McDonald's Corporation along I-75 at the intersection of CR-54 in Pasco County is not permitted, is located within the I-75 interchange, is not an on-premise sign and is an illegal sign.
RECOMMENDED that a Final Order be issued directing McDonald's Corporation to remove their sign in the vicinity of I-75 and CR-54 in Pasco County.
The DOT concluded that the hearing officer's recommended order was correct in both fact and law and, consequently, incorporated the recommended order into its final order. The DOT concluded that appellant's sign was "illegal" and that it had to be removed within thirty days of the date of the order.
On appeal, appellant contends that the DOT's order is a departure from the essential requirements of the law. Appellant contends that this case is controlled by Eddy Corp. v. Department of Transportation, 522 So.2d 421 (Fla. 5th DCA 1988). In Eddy, the fifth district reversed a DOT order holding that appellant's sign was an off-premises sign which was erected without DOT approval and in violation of chapter 479, Florida Statutes. The court held:
Near the intersection of Interstate 4 and State Road 46 near Sanford, in Seminole County, Florida, McDonald's Corporation owns, and The Eddy Corporation leases, a parcel of land roughly shaped like the upper body of a human with one arm raised with the elbow bent. A McDonald's *325 restaurant is located on the body part with an outdoor sign advertising the restaurant located at where would be the hand of the upraised arm.
... . The facts are not in dispute. We find the hearing officer's interpretation of the statutes and his application of the laws to the undisputed facts to be clearly erroneous and reverse.
Both the restaurant and the sign in question are located on a single contiguous parcel of land consisting of but one business premises upon which is located but one establishment, being the restaurant, and the sign in question which advertises that restaurant. The sign is an appurtenance to, and an integral part of, the restaurant establishment which is the only activity conducted upon this parcel of land. The sign, the restaurant building, and the "open space" around and between them are arranged and designed to be, and are, used in conjunction with the one restaurant. Neither the sign nor the land upon which it is located is used for any activity other than the restaurant use. However oddly shaped the premises is, and however distant the sign is from the restaurant building, the sign is on one and the same premises or area of land occupied by the restaurant building and business it advertises, is an "on-premises" sign within the meaning of sections 479.01(13) and 479.16(1), Florida Statutes, and is exempt from the permitting provisions of chapter 479, Florida Statutes.
We begin our analysis of the instant case by noting that this court is not bound by the decision of a sister district court. State v. Hayes, 333 So.2d 51, 54 (Fla. 4th DCA 1976). The opinion of a court at the same level is merely persuasive. Id. Conflicts between the district courts are resolved by the Florida Supreme Court. Id.
We also note that "agency determinations with regard to a statute's interpretation will receive great deference in the absence of clear error or conflict with legislative intent." Tri-State Systems, Inc., v. Department of Transportation, 491 So.2d 1192, 1193 (Fla. 1st DCA 1986).
The issue in the instant case is whether appellant's sign is truly an "on premises" sign and, thus, exempt from the permitting requirement. To resolve this issue, we must examine the applicable statutory provisions and the legislative intent behind those statutory provisions.
Section 479.07, Florida Statutes (1987), prohibits the erection of signs on the state highway system outside an incorporated area or on any portion of the interstate or federal-aid primary highway system without a permit. Section 479.07(1) provides:
Except as provided in s. 479.16, a person may not erect, operate, use, or maintain, or cause to be erected, operated, used, or maintained, any sign on the State Highway System outside an incorporated area or on any portion of the interstate or federal-aid primary highway system without first obtaining a permit for the sign from the department and paying the annual fee as provided in this section.
Section 479.16, Florida Statutes (1987), sets out fourteen exemptions to the permitting requirement. Section 479.16(1) provides an exemption for an "on-premises" sign. It provides:
Signs erected on the premises of an establishment, which signs consist primarily of the name of the establishment, or which identify the principal or accessory merchandise, services, activities, or entertainment sold, produced, manufactured, or furnished on the premises of the establishment and which meet the minimum requirements of the Southern Building Code. If a sign located on the premises of an establishment consists principally of brand name or trade name advertising and the merchandise or service is only incidental to the principal activity, or if the owner of the establishment receives rental income from the sign, then the sign is not exempt under this subsection.
Section 479.01 (13) defines "premises" as:
"Premises" means an area of land occupied by the buildings or other physical uses which are an integral part of the activity conducted upon the land and such open spaces as are arranged and *326 designed to be used in conjunction with that activity.
Section 479.015 is a statement of the legislative intent behind chapter 479's regulation of signs in areas adjacent to state highways. Section 479.015 provides:
The control of signs in areas adjacent to the highways of this state is declared to be necessary to protect the public investment in the state highways; to attract visitors to this state by conserving the natural beauty of the state; to preserve and promote the recreational value of public travel; to assure that information in the specific interest of the traveling public is presented safely and aesthetically; to enhance the economic well-being of the state by promoting tourist-oriented businesses, such as public accommodations, vehicle services, attractions, campgrounds, parks, and recreational areas, and to promote points of scenic, historic, cultural, and educational interest.
Clearly, the legislature enacted chapter 479 to control the mischief caused by outdoor advertising signs which once blanketed the state and federal roads and interstate highway system. The DOT's interpretation of chapter 479 in the instant case is consistent with the legislative intent behind chapter 479 and will not be disturbed on appeal. Tri-State Systems, Inc. at 1193. As noted above, "`premises' means the land occupied by the buildings or other physical uses which are an integral part of the activity conducted upon the land and such open spaces as are arranged and designed to be used in conjunction with that activity." (Emphasis added.) Appellant's sign is not located upon property which is an "integral part of the [restaurant] activity conducted upon the land" or upon property which is "arranged and designed to be used in conjunction with that [restaurant] activity." The parcel of land upon which the sign is located is more than 1,000 feet from appellant's restaurant. It is connected to appellant's restaurant site by a fifteen foot strip of land. There are four businesses located between appellant's restaurant and the sign. And, as the DOT noted in its final order, appellant's future plan for a playground on the property containing the sign is not sufficient to qualify for an on-premise exemption. The parcel of land upon which the sign is located is being used solely for advertising purposes. Because appellant did not procure a permit for erection of the sign, the sign must be removed.
We affirm the DOT's order requiring appellant to remove its sign. We decline to follow, and in so doing state we are in conflict with, our sister court's decision in Eddy which we feel undercuts the legislative intent and public policy behind chapter 479.
AFFIRMED.
CAMPBELL, C.J., and SCHOONOVER, J., concur.