543 So.2d 876 (1989)
Frank R. MUDANO, Personal Representative of the Estate of Salvo Mudano, Appellant,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, et al., Appellees.
No. 88-1287.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
Alyssa M. Reiter of Bunnell and Woulfe, P.A., Fort Lauderdale, for appellant.
*877 Rhea P. Grossman of Rhea P. Grossman, P.A., Miami, and Lanza, O'Connor, Armstrong, Sinclair & Tunstall, P.A., Coral Gables, for Appellee-Community Asphalt Corp.
PER CURIAM.
This is an appeal from an order taxing fees and costs pursuant to section 768.79, Florida Statutes. The statute provides for the award of attorney's fees and costs under specified circumstances where an offer of judgment is not accepted. The accident and injury in question occurred prior to July 1, 1986, the effective date of the statute.
Chapter 768, Florida Statutes, "NEGLIGENCE," is divided into three parts. Part III, "DAMAGES," contains sections 768.71 through 768.81. Section 768.71, entitled "Applicability; conflicts," provides, in part:
(2) This part applies only to causes of action arising on or after July 1, 1986, and does not apply to any cause of action arising before that date.
The trial court ruled that the statute was procedural and therefore applied retroactively. However, we conclude that the statute, by its terms, does not apply to offers of judgment where the underlying cause of action accrued prior to its effective date. Further, the statute, in any event, affects substantive rights, and therefore may only be applied prospectively. See Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987). Cf. Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985); Tindall v. Miller, 463 So.2d 1262 (Fla. 2d DCA), rev. denied, 475 So.2d 695 (Fla. 1985); Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984). Therefore, the order is reversed and the cause remanded.
DOWNEY, GUNTHER and STONE, JJ., concur.