559 So.2d 235 (1990)
A.G. EDWARDS & SONS, INC., and Robert Roesch, Appellants,
v.
Calvin E. DAVIS and Beverly J. Davis, Appellees.
No. 89-00543.
District Court of Appeal of Florida, Second District.
February 23, 1990.
Rehearing Denied April 9, 1990.
*236 Gordon R. Duncan of Gerald, Duncan, Engvalson & Mitchell, Fort Myers, for appellants.
Kempton P. Logan, Fort Myers, for appellees.
HALL, Judge.
The appellants, A.G. Edwards & Sons, Inc. and Robert Roesch, challenge the award of $29,520 in attorney's fees made to the appellees, Calvin and Beverly Davis, pursuant to section 45.061, Florida Statutes (1987). The appellants contend that section 45.061 unconstitutionally infringes on the supreme court's exclusive rule-making authority, that section 45.061 creates substantive rights and should not be applied retroactively, and that the trial court incorrectly calculated the amount of attorney's fees awarded the appellees. We only find merit in the last point of contention and remand for correction of the judgment awarding attorney's fees.
The appellees filed a multicount complaint against the appellants for damages they incurred as the result of an unauthorized sale of their stock by their stockbroker, Robert Roesch, who is employed by A.G. Edwards. On July 19, 1988, the appellees sent the appellants a demand for settlement in the amount of $7500. The appellants rejected the opportunity to settle and the case proceeded to trial. At the conclusion of the trial, the jury awarded the appellees a total of $38,250 in compensatory and punitive damages.
Section 45.061 provides, in pertinent part, that if a judgment obtained by a plaintiff is at least twenty-five percent greater than the offer made by the plaintiff and rejected by the defendant, the rejection of the offer is presumed to be unreasonable, § 45.061(2), and the plaintiff is entitled to an award of costs and expenses, including attorney's fees, plus interest, incurred in preparing for trial, § 45.061(3).
The appellants' first contention on appeal is that the legislature unconstitutionally infringed on the supreme court's exclusive rule-making authority, art. 5, *237 § 2(a), through its enactment of section 45.061, because the statute conflicts with Florida Rule of Civil Procedure 1.442 in several respects. We reject this contention because subsections 45.061(2) and (3) create substantive rights. Richardson v. Honda Motor Co., Ltd., 686 F. Supp. 303 (M.D.Fla. 1988); Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989). Consequently, they do not infringe on the supreme court's exclusive rule-making authority.
Accordingly, the appellants' second contention on appeal, that section 45.061 is substantive and should therefore not be retroactively applied, is correct. However, section 45.061 was not retroactively applied to the case sub judice because
the operative event, the only event crucial to operation of the statute, is the making of an offer of settlement. Only upon the making of an offer of settlement are the respective rights and duties of the parties aligned according to the requirements of the statute, and at that time both parties are free to respond or not to the policies embodied in the statutory scheme without reference to any earlier events.
Hemmerle, 547 So.2d at 204. The effective date of section 45.061 was July 1, 1987, ch. 87-249, § 3, Laws of Fla., and the offer of settlement was made on June 19, 1988. Thus, subsections 45.061(2) and (3) were in effect when the appellees made their offer.
We do agree that the trial court incorrectly calculated the amount of the attorney's fee award. The contract between the appellees and their attorney provided for the attorney to be paid forty percent of any gross recovery. As we stated in St. Paul Fire & Marine Ins. Co. v. Sample, 533 So.2d 1196, 1197 (Fla. 2d DCA 1988), receded from on other grounds, Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla. 2d DCA 1989):
[Florida Patient's Compensation Fund v.] Rowe [472 So.2d 1145 (Fla. 1985)] states that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." [Citation omitted.] In other words, the amount called for by the fee agreement between the attorney and the client sets the maximum amount of fees the attorney may be awarded... . Under a contingency fee agreement . .. the fee is calculated on the basis of the specified percent of recovery.

(Citation omitted.) See also World Service Life Ins. Co. v. Bodiford, 537 So.2d 1381 (Fla. 1989) ("Counsel's percentage fee is determined by the amount of principal coverage, plus interest. He is not entitled to add statutory attorney's fees to the principal and claim a percentage of this total.") The $29,520 in attorney's fees awarded the appellees' attorney is not forty percent of the gross amount of $39,134[1] recovered by the appellees. Forty percent of $39,134 is $15,653.60.
Accordingly, we affirm the judgment entered in favor of the appellees, but remand with directions to the trial court to amend the order on attorney's fees to reflect an award of $15,653.60.
Remanded.
CAMPBELL, C.J., and PARKER, J., concur.
NOTES
[1] This gross amount represents the $38,250 in damages awarded by the jury, plus $884 in prejudgment interest calculated by the trial court.