564 So.2d 1233 (1990)
Frederick REINHARDT, Appellant,
v.
James BONO, Appellee.
Nos. 88-1482, 88-2165.
District Court of Appeal of Florida, Fifth District.
August 2, 1990.
*1234 Anthony K. Black, of McFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Charlie Luckie, Jr., of McGee, Luckie & Tyner, a Div. of Dayton, Sumner & Luckie, P.A., Brooksville, for appellee.
W. SHARP, Judge.
Reinhardt appeals from the trial court's post-judgment orders denying him recovery of any costs pursuant to Florida Rule of Civil Procedure 1.442, and denying his later motion to vacate the cost order. The trial court held that Reinhardt was not entitled to recover any costs because rule 1.442 is unconstitutional in that it violates the separation of powers doctrine[1] and conflicts with sections 768.79, 57.041 and 45.061, Florida Statutes (1987). We reverse.
The record establishes that Bono sued Reinhardt for recovery of damages for personal injuries he suffered in an automobile accident involving Reinhardt. The accident occurred in March of 1985 and Bono's suit was filed on November 14, 1986.
Reinhardt made Bono a $27,500 offer of judgment pursuant to rule 1.442, on December 5, 1986. Bono rejected the offer, and the case went to the jury. It awarded Bono $33,500 in damages, but that sum was reduced by 25% because of the seat belt defense. Bono thus obtained a net judgment of $25,125 on July 2, 1987: $2,375 less than Reinhardt's offer of judgment.
Reinhardt moved to tax costs pursuant to rule 1.420(d).[2] Rule 1.442 provided:
RULE 1.442 OFFER OF JUDGMENT
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued... . If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after making the offer.
Bono opposed Reinhardt's motion on constitutional grounds and because the costs were excessive and not properly recoverable. The trial court never reached the latter issues. It ruled in Bono's favor on statutory and constitutional grounds and terminated the hearing.
The trial court found Santiesteban v. McGrath, 320 So.2d 476 (Fla. 3d DCA 1975)[3] to be controlling. When this cause *1235 went to trial,[4] the trial court did not have discretion to fail to tax costs under rule 1.442. Further, section 57.041, which provides in general that a party recovering a judgment shall recover all legal costs, neither infringes upon nor affects rule 1.442. Santiesteban.
Section 768.79 and section 45.061 took effect July 1, 1986 and July 7, 1987 respectively. They should not be applied (in any event) to causes of action which accrued before their effective dates. Mudano v. St. Paul Fire and Marine Insurance Co., 543 So.2d 876 (Fla. 4th DCA 1989). The accident in this case long preceded these statutes.
However, it is very clear in this state that only the Florida Supreme Court has the authority to declare a rule adopted by it unconstitutional or a nullity. Ser-Nestler, Inc. v. General Finance Loan Co., 167 So.2d 230 (Fla. 3d DCA 1964); State v. McCall, 301 So.2d 774 (Fla. 1974). The Florida Supreme Court is vested with the sole authority to promulgate, rescind, and modify the rules adopted by it. Only the source of the rules[5]  the Florida Supreme Court  can change or nullify a rule it has promulgated. State v. Lott, 286 So.2d 565 (Fla. 1973), cert. denied, 417 U.S. 913, 94 S.Ct. 2613, 41 L.Ed.2d 217 (1974).
The issue of the constitutionality of rule 1.442 (prior to its revision and accommodation with sections 768.79 and 45.061) because of its substantive as opposed to procedural nature, is out of bounds for the trial court's consideration as well as ours. We are no more a source of the rules than the trial court. In its opinion which revised rule 1.442 (effective January 1, 1990), the supreme court commented that use of sanctions (such as imposing costs) could possibly be considered "substantive" rather than "procedural." However, it declined to reach that question. 550 So.2d 442. So do we.
Accordingly, we reverse the post-judgment orders appealed in this cause. We remand with directions to conduct a hearing pursuant to rule 1.442 to tax reasonable costs in Reinhardt's favor, subject to Bono's defenses of excessiveness and being beyond the scope of the rule.
REVERSED and REMANDED with directions.
DAUKSCH, J., and MILLER, J.D., Associate Judge, concur.
NOTES
[1] Art. II, § 3, Fla. Const.
[2] He obviously meant rule 1.442 as it was then constituted.
[3] If this court has not ruled on a point of law, the trial courts of this district must  in the absence of conflicting appellate decisions  apply controlling case law announced by another Florida district court. See In re E.B.L., 544 So.2d 333 (Fla. 2d DCA 1989); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976).
[4] Compare Florida Rule of Civil Procedure 1.442 as revised effective January 1, 1990.
[5] Strong v. Clay, 54 So.2d 193 (Fla. 1951).