581 So.2d 988 (1991)
Susan WESTOVER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Appellee.
No. 90-02735.
District Court of Appeal of Florida, Second District.
June 26, 1991.
*989 Steven D. Holmes of Lusk, Drasites & Tolisano, P.A., Cape Coral, for appellant.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
HALL, Judge.
The appellant, Susan Westover, challenges the final judgment entered in favor of the appellee, Allstate Insurance Company, in her action for uninsured motorist benefits. We affirm that judgment. She also challenges the separate final judgment awarding Allstate attorney's fees and costs. We affirm the award of costs but strike that part of the judgment awarding Allstate attorney's fees.
Allstate filed a motion to tax attorney's fees and costs pursuant to sections 45.061,[1] 57.041, and 768.79, Florida Statutes (1987), and Florida Rule of Civil Procedure 1.442. The trial court granted the motion without reference to the rule or any of the statutes. We affirm the award of costs to Allstate as it is the prevailing party under section 57.041. We strike the award of attorney's fees because judgment was not entered in favor of Westover. Entry of judgment in favor of the plaintiff is a prerequisite to the defendant seeking sanctions against the plaintiff for refusing an offer made pursuant to sections 768.79 and 45.061 and rule 1.442 Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990) (section 768.79 and rule 1.442); Coe v. B & D Transportation Services, Inc., 561 So.2d 469 (Fla. 2d DCA 1990) (sections 768.79 and 45.061).
We certify that our holding in this case brings us in direct conflict with the Third District insofar as section 45.061 is concerned. In Memorial Sales, Inc. v. Pike, 579 So.2d 778 (Fla. 3d DCA May 7, 1991), the Third District held that section 45.061 does not require the entry of a judgment in favor of the plaintiff before the defendant may seek sanctions for the refusal of the offer.
Reversed and remanded.
SCHOONOVER, C.J., and THREADGILL, J., concur.
NOTES
[1] Westover contends that Allstate's offer of settlement pursuant to section 45.061, Florida Statutes (1987), was void because the instant cause of action occurred on February 21, 1987, and section 45.061 did not become effective until July 2, 1987. It is not the date the cause of action occurred, but the date the offer is made that triggers the operation of section 45.061. Hemmerle v. Bramalea, 547 So.2d 203 (Fla. 4th DCA 1989), review denied, 558 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990); A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 1990).