BARKDULL, Judge.
Jones Boatyard, Inc. appeals an adverse judgment in the amount of $47,000.00 based on a jury verdict and also the award of attorney’s fees to the successful plaintiff. For factual background of this case see Schmidgall v. Jones Boatyard, Inc., 526 So.2d 1042 (Fla. 3d DCA 1988).
In 1985, Dade County acquired legal title to a boat pursuant to criminal forfeiture proceedings. In August 1985, Metro Dade County discovered equipment was missing from the yacht when it was sold at auction. The plaintiff/appellee subsequently filed its complaint.
In November 1989, Metro Dade filed an offer of judgment in the amount of $19,-999.00. On the trial’s first day, the plaintiff/appellee made an ore tenus motion in limine which was granted by the trial court. The appellant claims this precluded the defense from introducing crucial evidence. The jury was instructed on bailment and was told that after the plaintiff met its burden of proof on bailment, the burden was upon the defendant to explain the loss. The jury returned a verdict in favor of the plaintiff, Metro Dade, on all issues in the amount of $47,000.00. Final judgment favoring Metro Dade was entered in the amount of $47,000 plus $16,250 for attorney’s fees. This appeal followed.
The appellant contends that the trial court erred in: (1) granting Metropolitan’s unwritten and unnoticed motion in limine just prior to trial, (2) failing to direct a verdict on the issue of a bailment as the required element of exclusivity was missing, (3) failing to direct a verdict on the issue of negligence, (4) failing to strike/exclude Metropolitan’s expert witness testimony based on an improper measure of damages, (5) its instructions to . the jury, and (6) awarding attorneys’s fees pursuant to Florida Statute 768.79 involving a case of action arising before July 1, 1986.
We find no merit in the errors urged as to points one through five. C.W.B. Enterprises, Inc. v. K.A.T. Equipment Corp., 449 So.2d 354 (Fla. 3d DCA 1984); Fruehauf Corporation v. Aetna Insurance Co., 336 So.2d 457 (Fla. 1st DCA 1976); Marine Office-Appleton & Cox Corp. v. Aqua Dynamics, Inc., 295 So.2d 370 (Fla. 3d DCA 1974); J & H Auto Trim Co., Inc. v. Bellefonte Insurance Co., 677 F.2d 1365 (11th Cir.1982). As to the sixth point, which goes to the validity of the award of attorney’s fees as a result of an offer of judgment, we find that at the time of the loss, which had to be no later than August 6, 1985, there was no statute which permitted attorney’s fees in this circumstance. Section 768.79 was enacted in 1986 and became effective on July 1, 1986. The Second District Court of Appeal has construed the statute as permitting an award of fees if the offer of judgment was subsequent to the effective date of § 768.79. A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990). The 5th DCA has held to the contrary. Reinhardt v. Bono, 564 So.2d 1233 (Fla. 5th DCA 1990).
We align ourselves with the opinion and decision of Reinhardt v. Bono, supra, and thereby this opinion and decision will create direct conflict with A.G. Edwards & Sons, Inc. v. Davis, supra, of the Second District Court of Appeal. Therefore, we strike from the final judgment here under review that provision awarding attorney’s fees to the successful plaintiff, and as amended, we affirm the final judgment under review.
Affirmed as amended.