LEVY, Judge
(dissenting).
I respectfully dissent based upon my conclusion that the trial court correctly determined that the term “net revenue from professional services” in the contract is unambiguous, and thus summary judgment was correctly entered in favor of Coral Gables Hospital. While the pertinent facts are stated in the majority opinion, they bear repeating in greater detail to more clearly focus on the point at issue.
Dr. Zarranz and Coral Gables Hospital entered into a written contract which basically provided that Dr. Zarranz would relocate his practice from Tampa, Florida, to the Coral Gables Hospital in Coral Gables, Florida. The contract stated that the hospital agreed to compensate Dr. Zarranz by:
providing] at [Coral Gables’] expense, the items and amenities set forth in Exhibit B hereto; and to guarantee (as set forth in Exhibit C hereto) that, during the [term of the agreement], [Dr. Zar-ranz’s] net revenue from professional services will no be less than an average of ten thousand dollars ($10,000) (“Guaranteed Amount) during each full month of the term of the Agreement.
Coral Gables also agreed to:
pay all costs of temporary medical office space while awaiting completion of new office space in [Coral Gables’] medical office building. [Coral Gables] shall then provide office space in its own medical building for the remainder of the term at no cost to [Dr. Zarranz]. This includes cost of furnishings and utilities with the exception of telephone services. [Coral Gables] also agrees to provide at no cost to [Dr. Zarranz] all housekeeping and maintenance functions necessary for the normal operation of the ... office.
The contract specifically stated that it was a guarantee of “fees” and defined the term “net revenue from professional services” as follows:
The term “Net Revenue from Professional Services” shall include all revenue resulting from [Dr. Zarranz’s] performance of medical services for patients, regardless of where or to whom such medical services are provided, and any fees paid to [Dr. Zarranz] for teaching, writing, or speaking concerning medical or medically related matters. [Dr. Zarranz’s] net revenue from professional services shall be calculated on the basis of the amount collected for such services and activities.
Thereafter, the “guaranteed amount” was increased from $10,000 per month to $11,000 per month for the remainder of the term of the contract. The extra $1,000 per month was to be used for a “full time office employee.” Coral Gables paid for Dr. Zarranz’s moving expenses and gave him a parking space free of charge.
Dr. Zarranz filed a five count complaint against the hospital for breach of contract claiming, inter alia, that the “net revenue” provision of the contract was ambiguous, and that the doctor was entitled to the specified amount in addition to operating expenses. Dr. Zarranz argued that “net revenue from professional services” should be interpreted to mean “income minus operating expenses” or, in other words, guaranteed take-home pay. The trial court granted a motion for summary judgment filed by the hospital, specifically noting that the contract was unambiguous and that the plain language of the contract was contrary to Dr. Zarranz’s interpretation. I would affirm the trial court’s finding that the term “net revenue from professional services” is unambiguous and refers to the fees or amounts collected by Dr. Zarranz.
It is axiomatic that, in the absence of an ambiguity on the fact of a contract, the actual language used in the contract is the best evidence of the intent of the parties and the plain meaning of that language controls. Hurt v. Leatherby Insurance *326 Co., 380 So.2d 432 (Fla.1980); Arnold v. First Savings & Trust Co., 104 Fla. 545, 141 So. 608 (Fla.1932); Carefree Villages, Inc. v. Keating Properties, Inc., 489 So.2d 99 (Fla. 2d DCA 1986); City of Winter Haven v. Ridge Air, Inc., 458 So.2d 434 (Fla. 2d DCA 1984); Boat Town U.S.A., Inc. v. Mercury Marine Division of Brunswick Corp., 364 So.2d 15 (Fla. 4th DCA 1978). The plain language of the contract clearly states that Dr. Zarranz is to receive “net revenue from professional services” — not net profit from professional services, as urged by Dr. Zarranz. It is evident that the parties did not contemplate that the terms revenue and profit were to be used synonymously because they agreed to increase the guaranteed amount in the contract, from $10,000 per month to $11,-000 per month, specifically to allow for the increase to be used for a “fulltime office employee.” This provision evidences the parties intent that the amount collected by Dr. Zarranz was not meant to represent profit (income minus operating expense), and clearly reflects that the contract never contemplated that “net revenue from professional services” would be computed by deducting operating expenses from Dr. Zarranz’s receipts.
Finally, I would also affirm the trial court order ruling that the hospital, as a prevailing defendant, is entitled to recover its reasonable attorney’s fees from Dr. Zar-ranz pursuant to Section 45.061, Florida Statutes (1987). This Court has recently held that a prevailing defendant whose offer of settlement has been rejected is entitled to recover its reasonable attorney’s fees under Section 45.061, Florida Statutes (1987). Memorial Sales, Inc. v. Pike, 579 So.2d 778, 779-80 (Fla. 3d DCA 1991). Cf. Westover v. Allstate Ins. Co., 581 So.2d 988 (Fla. 2d DCA 1991) (defendant can recover fees under § 45.061 only where a judgment is entered in favor of plaintiff).