611 So.2d 512 (1993)
METROPOLITAN DADE COUNTY, Petitioner,
v.
JONES BOATYARD, INC., Respondent.
No. 79253.
Supreme Court of Florida.
January 7, 1993.
Robert A. Ginsburg, Dade County Atty., Evan Grob and Eric K. Gressman, Asst. County Attys., Miami, for petitioner.
David J. Horr of Rodriguez, Horr, Aronson & Blanck, P.A., Miami, for respondent.
KOGAN, Justice.
We review Jones Boatyard, Inc. v. Metropolitan Dade County, 588 So.2d 1033 (Fla.3d DCA 1991), based on apparent conflict with A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla.2d DCA 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On November 30, 1989, Metropolitan Dade County filed an offer of judgment in the amount of $19,999 against Jones Boatyard, Inc., in an action growing out of Jones Boatyard's negligence while acting as bailee of a boat owned by Metro Dade.[1] *513 Jones Boatyard rejected this offer of judgment and the cause proceeded to trial. At the end of the trial, the jury returned a verdict in favor of Metro Dade in the amount of $47,000. Metro Dade then submitted a motion for attorney's fees pursuant to section 768.79, Florida Statutes (1989). The trial court granted this motion and entered final judgment in favor of Metro Dade in the amount of $47,000 plus $16,250 for attorney's fees.
Jones Boatyard appealed the judgment and the grant of attorney's fees to the Third District Court of Appeal. The district court upheld the final judgment but reversed the award of attorney's fees. The district court held that the underlying cause of action had accrued prior to the July 1, 1986 effective date of section 768.79, and therefore the trial court's award of attorney's fees to Metro Dade was improper. In reaching this decision the district court relied on the holding in Reinhardt v. Bono, 564 So.2d 1233 (Fla. 5th DCA 1990), and noted that the result of its decision would be to create conflict with A.G. Edwards. Metro Dade seeks review of the decision of the district court on this basis.
On appeal Metro Dade argues three main points. First, Metro Dade argues that offers of judgment under section 768.79 should be applied and interpreted in the same manner as offers of settlement under section 45.061, Florida Statutes (1989). Second, Metro Dade argues that if we find section 768.79 to be inapplicable in the case sub judice we should apply section 45.061 instead, by finding a direct conflict between these statutes. Finally, Metro Dade argues that regardless of the applicability of section 768.79, Jones Boatyard should be estopped from arguing section 768.79's applicability in the instant case, since it was the first to submit an offer of judgment under the statute.
In A.G. Edwards the Second District Court of Appeal held that an offer of settlement, under section 45.061, was applicable to causes of action accruing before the statute's effective date. 559 So.2d at 237. In reaching this conclusion the district court stated:
[T]he operative event, the only event crucial to operation of the statute, is the making of an offer of settlement. Only upon the making of an offer of settlement are the respective rights and duties of the parties aligned according to the requirements of the statute, and at that time both parties are free to respond or not to the policies embodied in the statutory scheme without reference to any earlier events.
Id.
We approved this interpretation of section 45.061 in our decision in Leapai v. Milton, 595 So.2d 12 (Fla. 1992). In Leapai we stated:
[T]he right to recover attorney fees attaches not to the cause of action, but to the unreasonable rejection of an offer of settlement. As noted in our statement of facts, the offer and rejection of the offer occurred after the act had been adopted by the legislature.
Id. at 15. The question we are now confronted with is: does this analysis also apply to offers of judgment made under section 768.79? We hold that it does not.
The decision in Jones Boatyard, Inc. below was based on the holding in Reinhardt v. Bono, 564 So.2d 1233 (Fla. 5th DCA 1990), which in turn was based on the reasoning in Mudano v. St. Paul Fire & Marine Insurance Co., 543 So.2d 876 (Fla. 4th DCA 1989). In Mudano the district court noted:
Chapter 768, Florida Statutes, "NEGLIGENCE," is divided into three parts. Part III, "DAMAGES," contains sections 768.71 through 768.81. Section 768.71 entitled "Applicability; conflicts," provides in part:
(2) This part applies only to causes of action arising on or after July 1, 1986, and does not apply to any cause of action arising before that date.
543 So.2d at 877. The court therefore held that, "the statute [section 768.79], by its terms, does not apply to offers of judgment where the underlying cause of action accrued prior to its effective date." Id. We approve this reasoning and adopt it as the *514 proper interpretation of the applicability of section 768.79.
Unlike section 45.061, which exists as a distinct independent statute under the civil procedure chapter of the Florida Statutes, section 768.79 is part of an integrated statutory scheme under the negligence chapter of the Florida Statutes. This statutory scheme by its plain language attaches the right to attorney's fees to the underlying cause of action. § 768.71(2), Fla. Stat. (1989). Therefore, the approach we announced in Leapai, regarding offers of settlement under section 45.061, is inapplicable to offers of judgment under section 768.79. We think it is clear that the legislature intended section 768.79 to be interpreted in the light of those statutes that comprise the damages part of the negligence chapter, specifically, the plain language of section 768.71(2). Accordingly, the present case is distinguishable from A.G. Edwards, and our resolution of the issue eliminates the apparent conflict between the district courts.
We find the petitioner's remaining arguments to be without merit. As to the second argument, the petitioner could have filed simultaneously under section 45.061 had it desired to do so. Additionally, we do not find any direct conflict between section 45.061 and section 768.79 that would justify petitioner's argument that section 45.061 should be read in place of section 768.79 by virtue of the language of section 768.71(3).[2]
As to the third argument, the petitioner's reliance on the respondent's prior offer of judgment under section 768.79 does not provide the basis for equitable estoppel. The petitioner has failed to show that it was totally without knowledge of the differing interpretations of section 768.79 or unable to acquire such knowledge as required under the doctrine of equitable estoppel. See Price v. Stratton, 45 Fla. 535, 33 So. 644 (1903); Overstreet v. Bishop, 343 So.2d 958 (Fla. 1st DCA 1977). In fact the petitioner was represented by counsel who had equal access to the statutes and decisions of the courts of this state. Counsel had or should have had the expertise to analyze section 768.79 and discover the possible inapplicability of section 768.79 in the case sub judice and the likely need to file under section 45.061. Petitioner's simple reliance on the prior filing by the respondent is unreasonable and cannot form the basis for equitable estoppel. See Warren v. Department of Administration, 554 So.2d 568 (Fla. 5th DCA 1989). For the foregoing reasons we approve the opinion below.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] For a more detailed factual background of this case see Schmidgall v. Jones Boatyard, Inc., 526 So.2d 1042 (Fla. 3d DCA 1988).
[2] Section 768.71(3), Florida Statutes (1989), provides:

If a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply.