622 So.2d 513 (1993)
Linda BRODOSE and Michael Selph, Appellants,
v.
The SCHOOL Board OF PINELLAS COUNTY, Florida, Appellee.
No. 92-03821.
District Court of Appeal of Florida, Second District.
July 21, 1993.
Rehearing Denied August 12, 1993.
Ronald H. Schnell, St. Petersburg, for appellants.
James B. Thompson and M. Teresa Harris, The Thompson Law Group, St. Petersburg, for appellee.
CAMPBELL, Acting Chief Judge.
In this negligence action, appellants, Linda Brodose and Michael Selph, challenge the jury verdict finding that Selph, a high school sophomore, had assumed the risk of *514 playing an impromptu game of "piling" or "kill the carrier" during an unsupervised break at band practice. The court entered judgment against plaintiffs/appellants, finding appellee/defendant school board not liable. The court also awarded attorney's fees to the school board based on appellants' rejection of the school board's $5,001.00 offers of judgment and settlement made under section 45.061, Florida Statutes (1989), section 768.79, Florida Statutes (1986 Supp.) and Florida Rule of Civil Procedure 1.442. While we affirm the application of the doctrine of assumption of the risk, we reverse the award of attorney's fees because attorney's fees could only be awarded under those statutes (§§ 45.061 and 768.79) and then-existing law if there was a judgment for plaintiff. Since judgment here was not for plaintiffs/appellants, attorney's fees were not properly awarded.
Turning first to the application of the doctrine of assumption of the risk, we conclude that the case was properly tried on the basis of assumption of the risk, that the jury was properly charged and that there was evidence to support the verdict. We hold that the court did not err in applying this doctrine in this case.
However, the court did err in awarding attorney's fees to the school board under either section 45.061 or section 768.79 because neither of those statutes, at the applicable times, allowed such an award of fees unless there had been a judgment for plaintiff, which was not the case here. Although both statutes have since been amended or interpreted so as to allow attorney's fee awards under these circumstances, at the times applicable to this case, neither allowed such an award.
Section 768.79 was amended effective October 1, 1990, to allow an award of attorney's fees where the judgment was "one of no liability," i.e., where there had been no judgment for plaintiff. However, that amendment does not apply here because at the time this cause of action accrued in 1987, the critical time for application of section 768.79 (Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993), the language of that statute (§ 768.79, Fla. Stat. (1986 Supp.)) did not provide for an award of attorney's fees in such circumstances and, in fact, was being interpreted by this court as a prohibition to the entry of such an award. Westover v. Allstate Ins. Co., 581 So.2d 988 (Fla. 2d DCA 1991); Coe v. B & D Transp. Servs., Inc., 561 So.2d 469 (Fla. 2d DCA 1990); Gunn v. DePaoli, 562 So.2d 427 (Fla. 2d DCA 1990).
Similarly, although section 45.061 has been repealed as to causes of action accruing after October 1, 1990, and the supreme court, in Timmons v. Combs, 608 So.2d 1 (Fla. 1992), quashed our Coe decision, concluding that attorney's fees could be awarded under section 45.061 even if judgment had been entered for the defendant, neither the repealer provision nor Timmons apply here. First, the provision repealing section 45.061 as to causes of action accruing after October 1, 1990, does not apply because the instant cause of action accrued before October 1, 1990. Second, although Timmons overruled this court's interpretation of the application of section 45.061, Timmons cannot be applied to this case because the law to be applied when considering section 45.061 is the law in effect at the time that the offer is made (Metropolitan Dade County). Since Timmons was not issued until two years after the offer was made, the parties were bound by this court's then-extant interpretation of section 45.061 (Coe; Westover; § 45.061, Fla. Stat. (1989)) which did not allow an award of attorney's fees where there had been a verdict for the defendant.
As we said in A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990), which the supreme court approved:
[T]he operative event, the only event crucial to operation of the statute [§ 45.061], is the making of an offer of settlement. Only upon the making of an offer of settlement are the respective rights and duties of the parties aligned according to the requirements of the statute, and at that time both parties are free to respond or not to the policies embodied in the statutory scheme without reference to any earlier events.
559 So.2d at 237, approved, Leapai v. Milton, 595 So.2d 12, 15 (Fla. 1992). See also *515 Metropolitan Dade County, 611 So.2d at 512.
At the time the instant offer of settlement was made, in August of 1990, the law in this district did not allow attorney's fee awards unless there was a judgment for plaintiff. That interpretation did not change until Timmons. Until then, parties in this district were bound by the precedent of this court. In the making and accepting of offers of settlement, the parties were entitled to rely upon the law in this district applicable at the time of offer or the rejection thereof. Even though cases from other districts held otherwise, those cases were merely persuasive. McDonald's Corp. v. Dep't of Transp., 535 So.2d 323 (Fla. 2d DCA 1988). Thus, although there were cases from other districts that did not follow Westover and Coe, parties in this district were bound by the Westover and Coe approach until that approach was overruled by Timmons.
Since the law in effect at the applicable times prohibited an award of attorney's fees under these circumstances, the court erred in making such an award here. We, accordingly, vacate that portion of the judgment awarding attorney's fees to the school board based on those statutes.
SCHOONOVER and THREADGILL, JJ., concur.