629 So.2d 991 (1993)
Amelia BUCHANAN and James Buchanan, her husband, Appellants/Cross-Appellees,
v.
ALLSTATE INSURANCE COMPANY, a foreign corporation authorized to do business in the State of Florida, Appellee/Cross-Appellant.
No. 92-2790.
District Court of Appeal of Florida, First District.
December 28, 1993.
Michael A. Jones of Powell, Jones & Reid, Niceville, for appellants/cross-appellees.
James C. Barth, Destin, for appellee/cross-appellant.

*992 ON MOTION FOR REHEARING
ERVIN, Judge.
In this case, appellants/cross-appellees, Amelia and James Buchanan, sued their insurance carrier, Allstate Insurance Company, appellee/cross-appellant, for refusing to negotiate their uninsured motorist claim. The Buchanans contend the trial court erred by denying their motion for new trial, because the jury verdict was against the manifest weight of the evidence. Allstate cross-appeals, contending that the trial court erred by refusing to award it attorney's fees, because the Buchanans unreasonably rejected its settlement offer. We affirm the issue in the main appeal, but affirm in part and reverse in part and remand as to the cross-appeal.
Without detailing the evidence presented during trial, suffice it to say that there was conflicting evidence adduced on the issues of the other driver's negligence and causation of Mrs. Buchanan's neck condition. As a general rule, negligence and proximate cause are jury questions, and this is particularly true when the evidence is conflicting. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla. 1977); Groves v. Leo, 367 So.2d 1031 (Fla. 4th DCA 1979). As there is competent, substantial evidence to support the verdict, it is affirmed. Helman.
As for the cross-appeal, the following background information is necessary. The automobile accident occurred on July 17, 1986; the Buchanans filed their personal injury action on July 17, 1990. On January 30, 1992, Allstate served offers of judgment on the Buchanans in the amount of $10,000, pursuant to Sections 45.061 and 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. The Buchanans rejected the offers. The case proceeded to trial on April 27, 1992, and the jury rendered a zero verdict. Allstate then moved for attorney's fees based on the unreasonable rejection of its settlement offers. The trial court denied the motion, finding that Allstate was not entitled to fees under either of the statutes or rule 1.442. We agree with the trial court that Allstate is not entitled to fees under section 768.79 or rule 1.442.
Addressing Allstate's entitlement to fees under section 768.79 first, we now agree with the Buchanans' argument on rehearing that the statute does not authorize an award of fees. In our initial opinion, we reversed the trial court's denial of same by applying the 1990 amendment to section 768.79.[1] In so doing, we relied on Leapai v. Milton, 595 So.2d 12 (Fla. 1992), wherein the supreme court approved the Second District's interpretation of section 45.061 in A.G. Edwards & Sons, Inc. v. Davis, 559 So.2d 235 (Fla. 2d DCA 1990), wherein the Second District concluded that an offer of settlement, made pursuant to section 45.061, applied to a cause of action which had accrued before the statute's effective date. The court reasoned that the right to recover fees attaches to the unreasonable rejection of an offer and not to the cause of action. The supreme court in Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993), refused to apply the same analysis for offers made under section 768.79, explaining that section 45.061 exists as an independent statute under the civil procedure chapter of the statutes, while section 768.79 is part of an integrated statutory scheme under the negligence chapter and is part of the damages portion of that chapter. Id. at 514. Accordingly, we conclude that the version of section 768.79 in effect at the time the cause of action accrues is the version that should be applied in determining attorney-fee awards thereunder. Consequently, as the 1986 version of section 768.79 has been interpreted as allowing such awards only after a plaintiff obtains a judgment,[2] Allstate is not entitled to an attorney-fee award under section 768.79.
*993 Rule 1.442 has been similarly interpreted as requiring that a judgment in some amount be entered in favor of a plaintiff before a court is authorized to grant attorney's fees to a defendant resulting from the rejection of a settlement offer. See Timmons, 608 So.2d at 2; B & H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Community College, Fla., 542 So.2d 382, 388 (Fla. 1st DCA), review denied, 549 So.2d 1013 (Fla. 1989). Accordingly, an award would not have been proper pursuant to the rule.
We nevertheless conclude that Allstate is entitled to an attorney-fee award under section 45.061. As stated in Leapai, the operative events that trigger the provisions of section 45.061 are the making of an offer and a rejection thereof. Accord Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989), review denied, 558 So.2d 18 (Fla.), cert. denied, 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990). At the time of the offer here (January 1992), the 1991 version of section 45.061 was in effect, and subsection (2) thereof authorized an attorney-fee award if, "after the entry of judgment," the court determines that an offer was rejected unreasonably, and an offer is "presumed to have been unreasonably rejected by a plaintiff if the judgment entered is at least 25 percent less than the offer rejected." § 45.061(2), Fla. Stat. (1991). If a plaintiff recovers nothing, such will always be less than 25 percent of a defendant's offer of something. Timmons, 608 So.2d at 2. In the instant case, because the Buchanans rejected Allstate's $10,000 offer and a judgment was entered for Allstate upon the jury's zero verdict, Allstate was entitled to attorney's fees as a sanction for the Buchanans' unreasonable rejection of the offer.[3] The legislature's repeal of section 45.061 as to "causes of action" accruing after October 1, 1990[4] does not require a different conclusion, because the cause of action here accrued when the accident occurred in July 1986. Moreover, there is nothing in Jones Boatyard which indicates a contrary result. In that case the court noted that "the petitioner could have filed simultaneously under section 45.061 had it desired to do so." Jones Boatyard, 611 So.2d at 514. In the case at bar, Allstate did file such a motion.
The lower court's denial of fees to Allstate is therefore reversed, and the case is remanded with directions for the court to grant Allstate's motion for same pursuant to section 45.061.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Before the 1990 amendment, section 768.79 had been interpreted as requiring that a judgment be entered in favor of the plaintiff before an attorney-fee award could be made to the defendant. See Timmons v. Combs, 608 So.2d 1 (Fla. 1992); Makar v. Investors Real Estate Management, Inc., 553 So.2d 298 (Fla. 1st DCA 1989). Section 768.79 was amended in 1990 to allow an attorney-fee award in cases where the judgment was for no liability. See Ch. 90-119, § 48, at 401, Laws of Fla.
[2] See cases cited in footnote 1, supra.
[3] In so saying, we note that when it rendered its decision, the trial court correctly followed this court's decision in Timmons v. Combs, 579 So.2d 840 (Fla. 1st DCA 1991), wherein we held that section 45.061, like section 768.79, required a judgment for the plaintiff before an attorney-fee award could be made to the defendant. This was, of course, later disapproved by the supreme court in Timmons v. Combs, 608 So.2d 1 (Fla. 1992).
[4] See Ch. 90-119, § 22, at 381-82, Laws of Fla.