639 So.2d 679 (1994)
CITY OF PUNTA GORDA, Appellant,
v.
BURNT STORE HOTEL, INC., Appellee.
No. 93-03575.
District Court of Appeal of Florida, Second District.
July 6, 1994.
J. Michael Rooney of Safron, Rooney & Dzurak, Punta Gorda, for appellant.
Jack O. Hackett, II, of Farr, Farr, Emerich, Sifrit, Hackett & Carr, P.A., Punta Gorda, for appellee.
BLUE, Judge.
The City of Punta Gorda appeals an order that determined a capacity increase fee was actually an illegal tax. We agree with the trial court and affirm.
This action arises from a utility contract between the City of Punta Gorda and Burnt Store Hotel, Inc. Burnt Store purchased an existing hotel connected to the City's water and sewer system. As a new utility customer, Burnt Store was required to sign an agreement requiring it to pay a fee for increases *680 in its average consumption. As the result of increased average consumption, the City billed Burnt Store $154,000.
The City contended that increased water use requires increased reserve capacity. Thus, the capital expenditures necessary to provide this additional capacity should be paid for by new and additional users of that capacity. Burnt Store contended that it was not subject to an impact fee: the hotel was an existing business, no structural changes were made, and it had been continuously connected to the City's water and sewer system for more than twenty years. Both parties rely on City of Tarpon Springs v. Tarpon Springs Arcade Ltd., 585 So.2d 324 (Fla. 2d DCA 1991). The City argues the capacity increase fee constituted an impact fee while Burnt Store asserts the fee was an illegal tax.
In Tarpon Springs, this court approved and set out in its entirety a circuit court order refunding impact fees that were improperly imposed. There is language in the circuit court's order that appears to relate impact fees to increased usage. The City relies on this language to justify the charges against Burnt Store. There is, however, a clear distinction between the facts of the two cases. In Tarpon Springs, the building in question was undergoing a substantial renovation and the city attempted to assess an impact fee based solely on square footage usage. This was held to be an impermissible method without some showing that the changes required additional water and sewer capacity.
Tarpon Springs stands for the proposition that structural change is an insufficient basis for an impact fee without a showing of additional usage. It does not follow, as the City argues, that increased usage alone will support an impact fee. Impact fees have been approved where a nexus exists between new construction and a population increase that will affect the infrastructure and require additional capital expenditure. Change of ownership of an existing business fails to provide the required nexus even though the continuation of the business results in increased usage.
The trial court determined that although Burnt Store was a new owner, the property use did not change. Therefore, the court correctly ruled that the capacity increase fee contained in the City's utility contract constituted an illegal tax rather than an impact fee. We find no merit in the City's other issues. Accordingly, we affirm.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.