650 So.2d 142 (1995)
CITY OF PUNTA GORDA, Appellant,
v.
BURNT STORE HOTEL, INC., Appellee.
No. 94-00936.
District Court of Appeal of Florida, Second District.
February 1, 1995.
E. David Johnson of Law Offices of E. David Johnson, Punta Gorda, for appellant.
David A. Holmes of Farr, Farr, Emerich, Sifrit, Hackett & Carr, P.A., Punta Gorda, for appellee.
BLUE, Judge.
This appeal comes to us from an order assessing attorney's fees against the City of Punta Gorda and in favor of Burnt Store Hotel, Inc. The City contests the assessment and Burnt Store cross-appeals the trial court's failure to enhance the lodestar fee award. Because the trial resulted in a defense or no damage judgment and the cause of action accrued in 1987, before the 1990 amendment to Florida Statute section 768.79, we conclude the trial court erred in awarding attorney's fees.
The procedural background of this case would only add confusion to this opinion and would be understood by none but the parties and the judges required to consider the issues. Simplified, the case resulted from the City's attempt to assess an impact fee *143 against Burnt Store. The trial of that issue resulted in a judgment for Burnt Store invalidating the assessed impact fee. This court affirmed the final judgment with a written opinion. City of Punta Gorda v. Burnt Store Hotel, Inc., 639 So.2d 679 (Fla. 2d DCA 1994).
Before trial, Burnt Store made a $20,000 offer of judgment to the City pursuant to section 768.79, Florida Statutes. The City refused the offer. Following its success at trial, Burnt Store requested and was awarded attorney's fees based on the offer of judgment statute. The dispositive issue in this appeal is what version of section 768.79 applies.
Prior to the 1990 amendment to section 768.79, the statute did not authorize the award of attorney's fees where the judgment was not for the plaintiff. The statute was amended in 1990 to allow awards of attorney's fees in cases where a judgment of no liability is entered. Therefore, if section 768.79 as amended in 1990 controlled, we would affirm. However, this court has previously determined that an award of attorney's fees pursuant to section 768.79 is controlled by the statute in effect when the cause of action accrued, not when the offer was made. Brodose v. School Bd. of Pinellas County, 622 So.2d 513 (Fla. 2d DCA 1993).
Brodose relied on Metropolitan Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla. 1993), and held that the time the cause of action accrued is the critical time for application of section 768.79. This court has consistently held that before the 1990 amendment, the statute did not allow an award of attorney's fees where the judgment was one of no liability, i.e., where there was no judgment for the plaintiff. See, e.g., Westover v. Allstate Ins. Co., 581 So.2d 988 (Fla. 2d DCA 1991); Kline v. Publix Supermarkets, Inc., 568 So.2d 929 (Fla. 2d DCA 1990). Because this cause of action accrued in 1987, Burnt Store is not entitled to an award of attorney's fees.
Burnt Store contends that because the offer of judgment was made in 1992, after the enactment of the amended statute, its request for attorney's fees should be considered on the basis of the amended statute. In support of this argument, Burnt Store cites Wilson Insurance Services v. West American Insurance Company, 608 So.2d 857 (Fla. 4th DCA 1992). We have considered the argument but find it unpersuasive in light of the clear language of Brodose, that the accrual of the cause of action is the critical date for determination of which version of the statute applies.
Accordingly, we reverse the award of attorney's fees. Our decision renders the cross-appeal moot.
THREADGILL, A.C.J., and QUINCE, J., concur.