PER CURIAM.
In this case, H. Rick Albertson sued Southwinds Farms, Inc., etc. (Southwinds), for breach of an employment “at will” written contract to train race horses. The case was pending for some four years before it was tried to a jury. Four months after commencement of the action, Albertson made an offer of settlement, pursuant to section 45.061, Florida Statutes (1993). Southwinds did not accept the offer.
*14 At trial, upon the conclusion of presentation of all the evidence, the defendants moved for a directed verdict for failure of the claimant to establish the duration of the term of employment with sufficient definiteness. Consequently, the trial court granted the motion for directed verdict in defendants’ favor. After this initial ruling, Albertson then successfully prevailed upon the trial court to reopen the case and treat the claim as though it were based upon an oral contract. The trial court acceded, granted the motion, and submitted the cause to the jury upon breach of an oral contract based upon the identical evidence. A jury returned a verdict for Albertson in the sum of $59,385. The defendant appealed that judgment here in Case No. 94-2391, which was dismissed for want of jurisdiction, following which the Florida Supreme Court denied mandamus to reinstate the appeal.
Reverting to the chronology of events, immediately following the jury’s verdicts, the plaintiff moved to tax costs as well as attorney’s fees based upon defendants’ rejection of the settlement offer. § 45.061, Fla.Stat. (1993); Buchanan v. Allstate Ins. Co., 629 So.2d 991 (Fla.lst DCA 1993). The original judgment retained jurisdiction to assess the attorney’s fees. Ultimately, after a hearing on attorney’s fees, the trial court entered the judgment against the defendants in the amount of some $92,000, the order here under review.
We observe that the offer of settlement was properly made pursuant to section 45.061. However, recovery under that section is premised on an unreasonable rejection. Given that the defendants completely prevailed with respect to plaintiffs claim of breach of a written contract, the only claim on the table when the offer of settlement was made, defendants’ rejection of that offer cannot be viewed as unreasonable. Thus, the order authorizing attorney’s fees was error. The claimant did not prevail upon the cause of action which remained pending for some four years. Instead, he prevailed only on an eleventh hour amended claim which substantially changed the position of the parties and for which there was never an offer of settlement even tendered.
Accordingly, the order under review is reversed.