831 So.2d 223 (2002)
CITY OF ZEPHYRHILLS, a Florida municipal corporation, Appellant,
v.
Johnnie Jolene WOOD and Robert David Wood, her husband; Louise Newman; and Pasco County, a political subdivision, Appellees.
No. 2D01-4615.
District Court of Appeal of Florida, Second District.
October 23, 2002.
Rehearing Denied November 20, 2002.
*224 Thomas P. McAlvanah of Thomas P. McAlvanah, P.A., Zephyrhills, for Appellant.
Robert David Wood, pro se.
No appearance for Appellees Johnnie Jolene Wood, Louise Newman, and Pasco County.
BLUE, Chief Judge.
The City of Zephyrhills appeals an order that determined that a utility connection fee, an impact fee, was actually an illegal tax. Because the record does not support the trial court's decision, we reverse and remand for further proceedings.
This action arises from the City's complaint to foreclose a lien on the Woods' property. The lien had been imposed because the Woods had failed to pay the City's water and sewer connection fee. During the litigation, the Woods placed the constitutionality of the connection fee before the trial court.
The City, pursuant to chapter 51 of its ordinances, imposed the connection fee when the Woods sought a certificate of occupancy. The Woods had purchased an abandoned automobile repair business. In addition to changes to the building, they changed the use of the building to a sports bar. The Woods made plumbing changes in order to facilitate the use of the building as a bar, including the addition of a three-sink system for dishwashing. In order to comply with state and city requirements, the Woods also made plumbing changes in order to have handicapped accessible bathrooms.
Apparently, there was a large amount of nonrecord dealings between the parties. In the record, however, is a letter dated January 26, 1996, in which the City advised the Woods to contact it to make arrangements to pay the connection fees. Mr. Wood testified at trial that when the bar actually opened in May 1996 was the first time he ever heard that they were required to pay fees. Although an agreement was later reached where the Woods had a payment plan and the City issued the certificate of occupancy, the Woods refused to make payments and the City imposed a lien.
Impact fees, which include connection fees, are the method by which a new user of a municipally-owned water or sewer system pays his or her fair share of the costs that the new use of the system involves. See Contractors & Builders Ass'n v. City of Dunedin, 329 So.2d 314 (Fla.1976). Impact fees are the accepted method of paying for public improvements to serve new growth. See St. Johns County v. Northeast Fla. Builders Ass'n, 583 So.2d 635 (Fla.1991).
We do not agree that the two cases cited by the trial court for support of its order are controlling. City of Punta Gorda v. Burnt Store Hotel, Inc., 639 So.2d 679 (Fla. 2d DCA 1994), was cited for the proposition that increased usage alone does not support an impact fee. Here, *225 however, the impact fees were assessed not because of increased usage or a change of ownership but because of a change of use. City of Tarpon Springs v. Tarpon Springs Arcade Ltd., 585 So.2d 324 (Fla. 2d DCA 1991), was cited for the authority that structural change in an existing building, without more, does not support an impact fee. Here, however, the City clearly established the structural changes and their corresponding impact on the water and sewer systems.
Accordingly, we reverse the trial court's order determining that the ordinance was an illegal tax. We remand for further proceedings, including, but not limited to, consideration of the City's foreclosure complaint.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.