LEVINE, J.
 

 This appeal presents the question of whether the trial court correctly interpreted the limited warranty to cover engine repairs during the warranty period resulting from defects in material or workmanship, not limited to defects in material or workmanship of “major components.” We agree with the trial court’s interpretation and affirm.
 

 SDF, Inc., purchased a yacht which was powered by two marine engines made by the appellant, Detroit Diesel Corporation. In January 1999, Detroit Diesel replaced both engines with new engines covered by the following written limited warranty:
 

 Defects
 

 This warranty covers Engine REPAIRS to correct any malfunction occurring during the WARRANTY PERIOD resulting from defects in material or workmanship.
 

 [[Image here]]
 

 Warranty Period
 

 The WARRANTY PERIOD begins on the date the Engine is delivered to the first retail purchaser or put in use prior to sale at retail, whichever date occurs first, and ends at the time limits shown below:
 

 WARRANTY PERIOD
 

 Time Repair Charge To Be Paid By Owner Limitations
 

 Item
 

 REPAIR ENGINE R & R MONTHS PARTS LABOR_LABOR
 

 Engine 0-24 No Charge No Charge 100% of service outlet’s normal charge
 

 tMajor 25-60 No Charge No Charge 100% of service outlet’s Components normal charge
 

 tCylinder Block Casting, Crankshaft Casting, Camshaft, Air Inlet, Fresh Water Pump Housing, Flywheel, Flywheel Housing, Forging Oil Pan, Connecting Rod Forging and Exhaust Manifold Casting.
 

 The warranty was divided into two periods, the first twenty-four months covering the complete engine and the last thirty-six months covering the named “major components.” The warranty became effective on January 29, 1999, and the initial warranty period expired January 29, 2001.
 

 On September 2, 2003, the yacht’s starboard engine suffered a malfunction. The malfunction took place within the second warranty period, which covered major components. Several major components were destroyed as a result of the malfunction. SDF’s insurer, Atlantic Mutual Insurance Company, the appellee, paid for the cost of repairs and filed a claim with Detroit Diesel based on the written warranty. Detroit Diesel denied the claim, stating that a major component was not “the primary cause of the failure.” As a result, Atlantic Mutual filed an action for breach of warranty and breach of contract.
 

 At the bench trial, both parties asserted that the terms of the warranty were clear and unambiguous. Atlantic Mutual asserted that, during the second warranty peri
 
 *620
 
 od, the warranty covered repairs to correct malfunctions of “major components” of the engine that resulted from defects in material and workmanship. Detroit Diesel alternatively stated that Atlantic Mutual had to establish that the damage to the engine resulted from a defect in material or workmanship of a “major component” only.
 

 The trial court agreed with Atlantic Mutual that the warranty covered repairs to major components of the engine that malfunctioned as a result of defects in material or workmanship. The court then concluded “from the evidence and testimony presented that the cumulative effect of numerous problems of workmanship and material led to the failure of the engine and led to the loss of it’s components within the extended warranty.” The court found the warranty in effect and awarded damages to Atlantic Mutual in the amount of $168,905.66 and prevailing party costs in the amount of $4,122.07. The total amount of the judgment, including pre-judgment interest, was $234,038.92.
 

 The determination of whether a contract is unambiguous and the interpretation of an unambiguous contract are questions of law subject to
 
 de novo
 
 review on appeal.
 
 Smith v. Shelton,
 
 970 So.2d 450, 451 (Fla. 4th DCA 2007). “Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation. However, a true ambiguity does not exist merely because a document can possibly be interpreted in more than one manner.”
 
 Lambert v. Berkley S. Condo. Ass’n,
 
 680 So.2d 588, 590 (Fla. 4th DCA 1996) (citation omitted). “When contractual language is clear and unambiguous, courts cannot indulge in construction or interpretation of its plain meaning.”
 
 BMW of N. Am., Inc. v. Krathen,
 
 471 So.2d 585, 587 (Fla. 4th DCA 1985).
 
 [1]
 

 The language of the warranty is clear and unambiguous. The plain language of the warranty states that the warranty covers engine repairs to correct any malfunction resulting from defects in “material or workmanship.” The second warranty period does not limit the scope of coverage to merely defects resulting from a “major component,” nor does it require that a “major component” must be the primary cause of the engine malfunction. The second warranty period merely defines the “major components” that are specifically covered during that period, should they be damaged as a result of defects in material or workmanship, without limitation.
 

 We hold that the trial court properly interpreted this warranty and, as such, we affirm.
 

 STEVENSON and HAZOURI, JJ., concur.
 

 [1]
 

 . To the extent the terms of the warranty are not clear, a contract will be construed against the party who drafted the language, in this case, Detroit Diesel.
 
 See Berloni S.p.A. v. Della Casa, LLC,
 
 972 So.2d 1007, 1010 (Fla. 4th DCA 2008);
 
 Langford v. Paravant, Inc.,
 
 912 So.2d 359, 361 (Fla. 5th DCA 2005).