[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15894
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-61757-CV-FAM

IN RE: MS "MADELEINE"
SCHIFFAHRTSGESELLSCHAFT MBH & CO.
KG, REEDEREI ALNWICK HARMSTORF & CO.
GMBH & CO. KG AND BANGOR
CASTLE SHIPPING COMPANY LIMITED,
as Owner, Managing Owner and
Bareboat Charterer Respectively
of the Vessel M/V "Madeleine", for
Exoneration from or Limitation of Liability,

Plaintiff-Counter- Defendant-Counter-Claimant-
Third Party- Plaintiff-Cross - Defendant,

SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,

Intervenor-Plaintiff,

versus

VERNA SOOKNANAN,
DAWN HILLARY WEISBERG,

Defendants-Counter- Claimants-
Cross- Defendants-Appellants,

JAMES CASON, JR.,

Claimant-Counter-Claimant-
Cross-Defendant-Appellant,

CHART INDUSTRIES, INC.,
et al.,

         Third Party-Defendants-
           Cross-Defendants,

WESMOR CRYOGENIC SERVICES, INC.,

         Third Party-Defendant-
         Cross-Defendant-Cross-
            Claimant,

FLORIDA TRANSPORTATION SERVICES, INC.,

         Third Party-Defendant,

ALBERT PARRA,

         Counter-Claimant-Claimant-
          Counter-Defendant,

INTEROCEAN LINES, INC.,

         Counter-Claimant-Claimant-
          Counter-Defendant-
          Cross-Defendant,

TRINITY SHIPPING LINE, S.A.,

        Claimant-Counter-Claimant,
        Counter-Defendant-Cross-
          Claimant-Third
Party- Plaintiff-Cross-Defendant,

CLOVER SYSTEMS, INC.,

        Claimant-Cross-Claimant-
        Counter-Defendant-Cross-
         Defendant-Appellee,

AIRGAS SOUTH, INC.,

Claimant-Counter-Defendant-
Cross-Defendant-Cross-
Claimant-Appellee,

SPECIALTY TRAILER LEASING, INC.
& AMERICAN GAS & CYLINDER,

Claimants-Cross-Defendants-
Cross-Claimants,

PRO TRANSPORT, INC.,

Claimant-Counter-Claimant-
Counter-Defendant-Cross-
Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(May 10, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.


PER CURIAM:


The personal representatives of the estates of three longshoremen who died after an accident on the vessel Madeleine (the "Estate Claimants") appeal the district court decision enforcing the Estate Claimants settlement with Clover Systems, Inc. ("Clover"). No reversible error has been shown; we affirm.

3

Extensive litigation followed the Madeleine accident. The Estate Claimants entered into two mediated settlement agreements: one with nine land-based, non-maritime parties (the "Land-Based Parties)[1] and one with the maritime parties (the "Maritime Parties").

In Paragraph 2 of the settlement agreement, the Land-Based Parties committed to tendering payment to the Estate Claimants within 30-days of the mediated settlement agreement date of 14 July 2009. That paragraph also provided that the failure of a Land-Based Party to make payment timely would not affect the agreement between the Estate Claimants and the paying Land-Based Parties. A Land-Based Party "not paying will not be entitled to any rights or benefits of this Agreement until the payment(s) due have been made."

Paragraph 9 of the settlement agreement provided for the dismissal of pending lawsuits and the release of claims as follows:

The Estates represent that in a separate agreement..., the Maritime parties have agreed to dismiss all claims raised in the Federal Lawsuit and in the State Lawsuits with prejudice, and have agreed to release any and all claims in contract or in tort, including, but not limited to, claims for indemnification or contribution, that were or could have

---

[1] A tenth land-based party, Airgas-South, Inc., was not part of the settlement agreement.

4

been asserted against the Parties to this Agreement....

The separately negotiated settlement agreement between the Maritime Parties and Estate Claimants only required the Maritime Parties to dismiss with prejudice all claims raised in lawsuits; it included no agreement that the Maritime Parties would "release any and all claims." Clover Systems received no release of claims by the Maritime Parties as of the payment-due date.[2]

Clover Systems failed to make payment within the required 30-day period; it was the only Land-Based Party not to make payment as scheduled on 14 August 2009. Repeated requests were made of Clover Systems' counsel to tender payment but no payment was forthcoming. On 20 August 2009, six days after payment was due, Estate Claimants filed a motion to enforce the settlement agreement against Clover Systems. In a reversal of position, on 25 August 2009, Estate Claimants notified Clover Systems that they elected to call off the settlement agreement entirely and would continue state court actions against Clover Systems.[3] On 27 August 2009, Estate Claimants filed a notice withdrawing

---

[2]When Clover Systems offered to tender payment 13 days later, the release of claims had been secured.

[3]The parties argue about what prompted Estate Claimants to reverse their course. It appears that Estate Claimants reached a settlement agreement with Airgas-South, the one land-based entity that had not entered the 14 July 2009 settlement agreement, after filing the motion to

their motion to enforce the settlement agreement. On that same date, Clover Systems offered to tender payment; that offer was refused. On 21 September 2009, Clover Systems moved to enforce the settlement agreement.

The district court determined that the settlement agreement was due to be enforced; to remedy the delay in payment, the district court ordered Clover Systems to pay interest and attorneys' fees.

Estate Claimants contend on appeal -- as they did below -- that Clover Systems' breach of the settlement agreement's 30-day payment provision constituted a material breach that entitles Estate Claimants to rescind the settlement agreement. Estate Claimants also maintain that the district court's assessment of interest and attorneys' fees against Clover Systems shows that the district court found the delay in tender of payment to be material. But the district court made no such finding. Instead, the district court concluded that it was reasonable to charge interest and attorneys' fees for Clover Systems' delay in funding the settlement agreement; it expressly rejected -- in its initial decision to

enforce settlement. The agreement with Airgas-South required Estate Claimants to indemnify Airgas-South against future claims. Because Clover Systems intended to pursue an indemnity claim against Airgas-South -- an option expressly reserved to the Land-Based Parties in the settlement agreement -- Estate Claimants realized that, in the light of the Airgas-South settlement, Estate Claimants could be negatively impacted by settlement with Clover Systems. We mention these facts by way of explanation; Estate Claimants' reversal of position is of no import to our resolution of this appeal.

6

enforce settlement and in its denial of reconsideration -- Estate Claimants' argument that Clover Systems' breach triggered a right of revocation. We agree.

The Estate Claimants now argue that the settlement agreement is ambiguous about what is required on the release of claims by the Maritime Parties and argue further that no meeting of the minds occurred. No ambiguity exists in the settlement agreement. The express terms of the settlement agreement state that a release of all claims had been secured in a separate agreement; it had not been. The settlement agreement unambiguously contemplated that release. That conflicting interpretations of the settlement agreement's provision may be advanced during the throes of litigation creates no ambiguity where none otherwise exists. See Detroit Diesel Corp. v. Atlantic Mut. Ins. Co., 18 So.3d 618, 620 (Fla.App. 2009); Kipp v. Kipp, 844 So.2d 691, 693 (Fla.App. 2003).

The express terms of the settlement agreement also do not support Estate Claimants' assertion that the 30-day payment requirement was a material term. To the contrary, the settlement agreement set out the consequences of late payment: no benefit from the agreement until payment was made. Estate Claimants argue that Clover Systems' reliance on the absence of the release of claims as an excuse for not meeting the 30-day payment requirement was a ruse. And Estate Claimants repeatedly draw our attention to the fact that no other Land-Based Party

7

embraced Clover Systems' position.  But we see no error in the district court's finding that Clover Systems' request for the releases of all claims by the Maritime Parties -- as set out in the settlement agreement -- was not made in bad faith.

That Clover Systems made no payment in the absence of the releases may have entitled Estate Claimants to the interest and attorneys' fees awarded;[4] the 13-day delay in tender was no material breach and supports no right of recission.

AFFIRMED.

---

[4]In its motion to enforce settlement, Clover Systems suggested that interest and attorneys' fees could be awarded; this award compensated Estate Claimants fully for the delayed tender of payment.