PER CURIAM.
We reverse the final judgment in favor of appellee on its breach of contract claim. First, we find that the record does not support appellee’s claims of substantial compliance. Because time was “of the essence” in the post-closing agreement, ap-pellee’s failure to complete construction of RCA Boulevard by the deadline in the contract constituted a material breach. Sublime, Inc. v. Boardman’s Inc., 849 So.2d 470, 471 (Fla. 4th DCA 2003). The doctrine of substantial performance is generally unavailable where a party has materially breached the terms of the agreement. Nat’l Constructors, Inc. v. Ellenberg, 681 So.2d 791, 793 (Fla. 3d DCA 1996). A time is of the essence provision may nevertheless be waived. Horovitz v. Levine, 755 So.2d 687 (Fla. 4th DCA 1999). Because the trial court did not consider appellee’s waiver arguments, we remand for the trial court to make specific findings of fact and conclusions of law regarding whether appellant waived its right to demand compliance with the time provision. The trial court may rely on the record established at trial or may take additional evidence at its discretion.
We also reverse the trial court’s finding that appellant was not entitled to the Seacoast connection fee credit. We review de novo the trial court’s interpretation of the post-closing agreement. See Detroit Diesel Corp. v. Atl. Mut. Ins. Co., 18 So.3d 618, 620 (Fla. 4th DCA 2009). The agreement is unambiguous, and the plain language of the agreement states that the parties “shall share all impact fee credits for the Shared Cost Work.” See Lazzaro v. Miller & Solomon Gen. Contractors, Inc., 48 So.3d 974, 975 (Fla. 4th DCA 2010) (holding that unambiguous contract language “must be afforded its plain meaning”). A connection fee is generally considered to be a type of impact fee charged by utility companies for initiating new service. See, e.g., Save Our Septic Sys. Comm., Inc. v. Sarasota Cnty., 957 So.2d 671 (Fla. 2d DCA 2007); City of Zephyrhills v. Wood, 831 So.2d 223, 224 (Fla. 2d DCA 2002). Thus, we conclude that the *645 connection fee credit received from the utility company was an “impact fee credit,” and appellant was entitled to a share of that credit. On remand, any judgment in favor of appellee must be reduced by $141,797.15, the amount of the credit to which appellant was entitled under the post-closing agreement.

Reversed and remanded.

WARNER, POLEN and LEVINE, JJ„ concur.