PER CURIAM.
When a contract’s terms are not susceptible to more than one meaning, a court may not indulge in interpretation or resort to extrinsic evidence. Because the terms of the contract at issue are unambiguous, we find that the court below erred in looking outside of the document itself and relying on extrinsic evidence which directly contradicted the terms of the agreement. Accordingly, we reverse. Because we find that the trial court erred here, Vocelle & Berg’s second issue, whether the UCC safe harbor rule was satisfied, is moot and will not be discussed.
IMG Citrus, Inc. (“IMG”) sought relief and was granted a substantial judgment against Claude Edward Meadows, III, as Trustee of Claude E. Meadows Revocable Living Trust (“Meadows”). IMG moved for a Writ of Garnishment pursuant to section 77.03, Florida Statutes (2011), against a real estate escrow agent, alleging that he held property in trust belonging to Meadows.
Vocelle & Berg, L.L.P. (“Vocelle & Berg”), Meadows’s attorneys, filed a third-party affidavit, claiming an interest in the property to be garnished. Vocelle & Berg explained that the funds contained within the escrow account in the possession of the escrow agent belonged to them pursuant to a fee agreement and assignment of property executed by Meadows prior to entry of the judgment. The assignment of property reads:
For ten dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the undersigned hereby assigns, transfers and delivers to Vocelle & Berg, L.L.P., all sums owned by the undersigned, due or which shall become due and owing to the undersigned from [the escrow agent] as escrow agent of the Escrow Agreement dated April 1, 2010 and Escrow Agreement dated April 1, 2010, attached as Exhibit “A” by reason of a certain agreement dated October 7, 2012 by and between the undersigned and Paul R. Berg, Esquire and Vocelle & Berg, LLP attached as Exhibit “B.”
(emphasis added). The trial court found that this language did not constitute an actual assignment of the escrow, but rather created a continued security interest based on the reference to the fee agreement and a UCC financing statement introduced into evidence. We disagree and find that the plain language of the assignment of property demonstrates that it was unambiguously intended to be an assignment of the escrow funds. The reference to the attachment did not create an ambiguity.
When interpreting the intent of the parties in contracting, courts are bound to the four corners of the document if the terms unambiguously express the parties’ intent. Detroit Diesel Corp. v. Atl. Mut. Ins. Co., 18 So.3d 618, 620 (Fla. 4th DCA 2009). A contract is ambiguous if its words are susceptible to more than one meaning. Id. Only then may a court explore parol evidence, indulge in construction, or engage in interpretation. Id.; see *845 also U.S. on Behalf of Small Bus. Admin, v. S. Atl. Prod. Credit Ass’n, 606 So.2d 691, 695 (Fla. 1st DCA 1992) (citing Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 859 (Fla. 4th DCA 1989)).
Here, the plain language of the assignment of property is unambiguous on its face; it specifically explains that “the undersigned hereby assigns.” Mere reference to a separate document does not destroy the clarity of this statement, and the trial court erred in relying on parol evidence to contradict the document’s plain language. Because the terms of the assignment are not susceptible to more than one meaning, we reverse.

Reversed.

STEVENSON, GERBER and CONNER, JJ., concur.