DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY THOMAS ROWE,**
Appellant,

v.

**MACAW HOLDINGS I, LLC,** a Florida Limited Liability Company,
Appellee.

No. 4D17-2645

[June 6, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2016-CA-014542 (AF).

Michael J. Pike and Daniel Lustig of Pike & Lustig, LLP, West Palm Beach, for appellant.

Richard B. Warren and Michael L. Grant of Warren & Grant, P.A., Palm Beach Gardens, for appellee.

GROSS, J.

We reverse a default final judgment of eviction for the failure of the trial court to hold the evidentiary hearing required by statute where there is a dispute regarding the amount of *rent* to be posted in the court registry in a commercial eviction action.

Anthony Rowe ("Tenant") entered into a commercial lease with Macaw Holdings I, LLC ("Landlord") to rent property for the purpose of operating a gym.

"Fixed rent" was defined in section three of the lease as "21,500 per month, inclusive of [Initial Operating Expenses] + percentage share of utilities and sales tax." Relevant to this appeal, section 11 of the lease governed partial destruction of the premises, and provided for a reduction in fixed rent proportionately to the extent to which repair operations interfered with the operation of the business:

Partial destruction of the Premises shall not render this Lease void or voidable, nor terminate it except as specifically provided in this Lease. If the Premises are partially destroyed during the Term of this Lease, Lessor shall repair them when such repairs can be made in conformity with governmental laws and regulations, within 180 days of the partial destruction. Written notice of the intention of Lessor to repair shall be given to Lessee within 60 days after any partial destruction. **Fixed Rent will be reduced proportionately to the extent to which the repair operations interfere with the business conducted on the Premises by Lessee**. If the repairs cannot be made within the time specified above, Lessor shall have the option to make them within a reasonable time and continue this Lease in effect with proportional rent rebate to Lessee as provided for in this Lease. If the repairs cannot be made in 180 days, and if Lessor does not elect to make them within a reasonable time, either party shall have the option to terminate this lease.

(Emphasis added).

Roof problems materialized early in the lease. The tenant said that water damage occurred and debris from roof repairs damaged gym equipment.

The tenant made partial payments of rent. The landlord filed a complaint for eviction and damages for nonpayment of rent. Multiple times, the tenant asked for a hearing to determine the amount of money he would be required to post in the court registry pursuant to section 83.232(2), Florida Statutes (2017), which provides:

(2) If the tenant contests the amount of money to be placed into the court registry, any hearing regarding such dispute shall be limited to only the factual or legal issues concerning:

(a) Whether the tenant has been properly credited by the landlord with any and all rental payments made; and

(b) What properly constitutes rent under the provisions of the lease.

The circuit court denied the tenant's request for a hearing and required the tenant to post the "fixed rent" of $21,500 per month less amounts paid by the tenant and other credits to which the parties agreed. The tenant

- 2 -

failed to make the required payment and the court entered a default final judgment for possession.

The circuit court erred in failing to hold a section 83.232(2) hearing. Under the statute, a hearing is appropriate to determine "[w]hat properly constitutes rent under the provisions of the lease." The lease in this case defined "fixed rent" in section 3; concerning a "partial destruction of the premises," section 11 states that "Fixed Rent will be reduced proportionately to the extent to which the repair operations interfere with the business conducted on the Premises by Lessee."

The lease thus describes the credit to which a tenant is entitled for partial destruction of the premises as a reduction to "Fixed Rent." This case fell under section 83.232(2)(b), which contemplates a hearing on "[w]hat properly constitutes rent" under a lease. The trial court was required to make at least a preliminary determination of the reduction, if any, to which the tenant was entitled regarding the deposit into the court registry required by section 83.232. Like the findings in a temporary relief hearing in a chapter 61 case, a finding at a section 83.232 hearing can be modified after discovery and a final hearing on the merits.

This case is similar to *Double Park, LLC v. Kaine Parking 125, LLC*, 168 So. 3d 278 (Fla. 3d DCA 2015). Like this case, *Double Park* involved a factual dispute concerning the amount of rent due under the provisions of a lease. The lease contained a provision that if the tenant subletted the property, any amount the tenant received from the subtenant above the "Annual Rent" defined in the lease became *additional* "Annual Rent" to which the landlord was entitled. *Id.* at 280. As in this case, the trial court denied an evidentiary hearing on the issue of what amount the tenant was required to post into the court registry under section 83.232 as a result of its sublease. *Id.* The third district reversed and remanded the case for an evidentiary hearing as to "any additional or excess rental income" the tenant may owe to the landlord "as a consequence of the [tenant's] sublease." *Id.* at 282.

Both this case and *Double Park* involve post-lease adjustments to "rent" set forth in a lease. Where there is a dispute as to the amount of such adjustments, section 83.232(2) requires an evidentiary hearing prior to an order requiring the posting of the adjustments in the court registry.

We distinguish this case from more common situations in which a tenant, facing eviction, claims as a defense to the non-payment of rent that the landlord breached some other lease provision not expressly tied to the amount of rent set forth in the lease. Those situations are not controlled

by today's decision, which is limited to a lease provision describing an event which expressly alters the amount of rent set forth in the lease.

We reverse the default final judgment and remand to the circuit court for a section 83.232(2) evidentiary hearing.

GERBER, C.J., and CONNER, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***