DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN HAGGIN,**
Appellant,

v.

**ALLSTATE INVESTMENTS, INC.,** a Florida corporation,
and **ANN Z. KING,**
Appellees.

No. 4D18-568

[January 16, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502012CA021136XXXXMB.

Chris Alan Draper of Greenspoon Marder, LLP, West Palm Beach, for appellant.

Steven M. Selz of Selz & Muvdi Selz, P.A., Jupiter, for appellee Allstate Investments, Inc.

LEVINE, J.

In 1998, appellant signed a lease guaranty for a 1,400 square foot space in a shopping center for monthly rent of $1,174. Over time, the space for the lease between the landlord and tenant increased to 2,720 square feet with monthly rent of $5,428. In 2012, the landlord sued the tenant and appellant, as guarantor. The landlord claims that the lease signed by appellant in 1998 included a "continuing guaranty." Furthermore, the landlord relies on appellant's own deposition testimony to support the claim that the guaranty was valid. Appellant claims that the guaranty applied only to the term of the lease and a single option to renew for three years.

We find that the plain language of the lease governs. The guaranty refers to the lease, which has a term of three years with "an option to renew this Lease for one (1) additional three (3) year term." The guaranty was limited to the term of the lease and its solitary three-year option to renew. Thus, the guaranty was not a continuing guaranty. We therefore reverse

the trial court's granting of summary judgment for the landlord and find for appellant.

In 1998, the tenant entered into an agreement with the landlord for a three-year term. An addendum executed the same day as the lease stated:

> Landlord grants to Tenant an option to renew this Lease for one (1) additional three (3) year term subject to the following:
>
> . . . .
>
> (e) All other terms and conditions of this Lease shall remain unchanged with the exception of monthly Base Rent which shall be increased during the renewal term of each anniversary of the Commencement Date . . . .

Appellant then signed a lease guaranty to the tenant's lease with the landlord. Appellant signed the guaranty and "agree[d] that this guarantee shall remain for the renewal, modification, extension or waiver of this Lease." Through the years, there were several modifications and amendments to the original lease. In 1999, a modification increased the space rented and increased the rent. In 2001, an amendment extended the option to renew for five years ending in 2006 and increased the amount of rent. In 2006, another amendment extended the option to renew for another three years ending in 2009 and increased the rent. Finally, an amendment in 2008 extended the option to renew until 2014. The 2008 amendment also increased the rent again, topping $5,428 per month in the first year. Appellant did not sign any of these modifications.

In 2012, the landlord sued the tenant and appellant, as guarantor, due to the tenant's failure to pay rent. Appellant and the landlord both filed motions for summary judgment. The landlord argued that the language of the guaranty contemplated modifications, renewals, and extensions of the lease. Further, the landlord relied on appellant's deposition testimony. At one point in his deposition, appellant testified that he thought he signed the guaranty for a "three year lease." Later, when asked if the 2006 modification was covered by the guaranty, appellant said, "It looks like it is covered by the guaranty, sir." The landlord filed an affidavit stating in part that he would not have gone forward with the lease without a continuing guaranty. Appellant also filed an affidavit stating that he was not informed of the lease's modifications.

The trial court granted summary judgment in favor of the landlord. The trial court found that the "language of the guarantee is reasonably

susceptible to differing interpretations and is therefore ambiguous." The trial court relied on appellant's deposition transcript as well as the affidavits from appellant and the landlord to conclude that the guaranty was a continuing guaranty. As a result, the trial court entered a judgment in favor of the landlord for $291,802. This appeal follows.

This court reviews an order granting summary judgment de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Further, we also review whether a contract is ambiguous as being a question of law. *Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc.*, 981 So. 2d 654, 655 (Fla. 4th DCA 2008).

We start our review by looking at the plain language of the contract. "An agreement is ambiguous if as a whole or by its terms and conditions it can reasonably be interpreted in more than one way." *Nationstar Mortg. Co. v. Levine*, 216 So. 3d 711, 715 (Fla. 4th DCA 2017). As a general rule, only if the contract is ambiguous will the parties' intent become "a question of fact for the fact-finder, precluding summary judgment." *Life Care Ponte Vedra, Inc. v. H.K. Wu*, 162 So. 3d 188, 191-92 (Fla. 5th DCA 2015). However, if the agreement is unambiguous, then the plain language of the contract governs and there is no need for parol evidence of the parties' intent. *See Vocelle & Berg, L.L.P. v. IMG Citrus, Inc.*, 125 So. 3d 843, 844-45 (Fla. 4th DCA 2013).

"Under Florida law, a guaranty for a lease can be continuing, but it must expressly state that it is intended to cover future transactions for the guarantor to be liable for extensions and renewals." *Sheth v. C.C. Altamonte Joint Venture*, 976 So. 2d 85, 87 (Fla. 5th DCA 2008). A guaranty is continuing

> if it contemplates a future course of dealing during an indefinite period, or if it is intended to cover a series of transactions or succession of credits, or if its purpose is to give to the principal-debtor a standing credit to be used by it from time to time. Thus, a continuing guaranty covers all transactions, including those arising in the future, which are within the description of contemplation of the agreement.

*Fid. Nat'l Bank of S. Miami v. Melo*, 366 So. 2d 1218, 1221 (Fla. 3d DCA 1979).

Does the plain language of the agreement include a continuing guaranty, or does the agreement demonstrate a guaranty applied only to a term-of-years lease with a single, three -year renewal? We conclude that

the lease, and the guaranty signed by appellant, was limited to the original three-year term with "an option to renew this lease for one (1) additional three (3) year term." Thus, appellant's liability as guarantor was restricted to the clear limits on the option to renew as laid out in the agreement and its addenda. Since the language of limitation on options to renew is clear and unambiguous, then the guaranty could not be construed as being a continuing guaranty.

The "renewal, modification, extension or waiver" language in the guaranty does not change this result. Reading the guaranty *in pari materia* with the lease does not alter the fact that the lease applied to a three-year term with a single, three-year renewal. Any "renewal, modification, extension or waiver" would be limited by the parameters of the term of the lease and its option to renew. Because the guaranty referenced this particular lease, the guaranty was limited by the terms of the original lease.

Further, the guaranty did not meet the definition of a continuing guaranty because it did not "expressly state that it is intended to cover future transactions." *See Sheth*, 976 So. 2d at 87. Nor did the guaranty "contemplate[] a future course of dealing during an indefinite period, or . . . cover a series of transactions"; rather, the guaranty operated for the finite period of time delineated in the original lease. *See Melo*, 366 So. 2d at 1221.

Given the clear and unambiguous language of the lease and addenda, there was no need to consider parol evidence as to the parties' intent. Therefore, the trial court erred in considering appellant's deposition and the parties' affidavits to the extent they added anything to the analysis.

Even if the lease were ambiguous—which it is not—we still would rest on the fact that the original lease and addenda, including the option to renew and guaranty, were drafted by the landlord. "[A]n agreement of guaranty is construed against the party who prepared or presented same." *Miami Nat'l Bank v. Fink*, 174 So. 2d 38, 40 (Fla. 3d DCA 1965). Because the landlord drafted the documents, they must be construed against the landlord. This means that instead of construing the guaranty as a continuing guaranty, we construe it as an agreement limited to the original term in the lease and the solitary three-year term of renewal.

For all of these reasons, we reverse the summary judgment entered in favor of the landlord and remand with instructions to enter judgment in favor of appellant.

*Reversed and remanded with instructions.*

GROSS and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**